**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **IN RE:** <br> **EDWIN LEE EDWARDS,** <br> **Debtor.** | **CASE NO.: 09-01179-TOM7** <br> **CHAPTER 7** |
| **JAMES G. HENDERSON, TRUSTEE** <br> **Plaintiff,** <br> **v.** <br> **MARK E. EDWARDS, GRAHAM L. EDWARDS, ANN G. EDWARDS, A & L, INC., COLEMAN ROAD PROPERTIES, L.L.C., OXFORD MANAGEMENT, INC., OXFORD MANAGEMENT GROUP, LLC, THOMPSON RIDGE, L.L.C., SOUTHTOWNE CORPORATION, SOUTHTOWNE MANAGEMENT GROUP, L.L.C., SOUTHTOWNE MINI WAREHOUSES, L.L.C., J & E PROPERTIES, LLC, SOUTHTOWNE APARTMENTS, L.L.C., ELL 10, LLC, d/b/a ALBANY HONDA, WILDHAVEN TOWNHOMES, L.L.C., WILLIAMSBURG TOWNHOMES, L.L.C., HIGHWAY 79, LLC, PINSON VALLEY L.L.C., and CAMILLA CHEVROLET-BUICK, INC. a/k/a CAMILLA CHEVROLET, INC.,** <br> **Defendants.** | **ADVERSARY PRO. NO.: 09-** |

{1713342:6}

## COMPLAINT TO AVOID AND RECOVER FRAUDULENT TRANSFERS

James G. Henderson, Trustee (the "Plaintiff"), by and through his undersigned counsel, hereby files this Complaint to Avoid and Recover Fraudulent Transfers (the "Complaint"). In support of the Complaint, the Plaintiff states as follows:

## INTRODUCTION

1. Plaintiff files this Complaint to avoid and recover transfers (the August Transfers and January Transfers, defined below) made by the debtor, Edwin Lee Edwards (the "Debtor") to or for the benefit of Mark E. Edwards ("M. Edwards") and Graham L. Edwards ("G. Edwards") on August 15, 2006 (the "August Transfer Date") and January 25, 2008 (the "January Transfer Date") under 11 U.S.C. §§ 544, 548 and 550 and Ala. Code § 8-9A-4 and 5 and other applicable state law.

2. Additionally, Plaintiff seeks to recover monies diverted and paid directly to Ann G. Edwards ("A. Edwards") and/or entities under her control under 11 U.S.C. §§ 544 and 550 and Ala. Code § 8-9A-4 and 5 and other applicable state law.

## JURISDICTION AND VENUE

3. On February 27, 2009 (the "Petition Date"), a voluntary Chapter 7 petition was filed by the Debtor in the United States Bankruptcy Court for the

Northern District of Alabama, Southern Division, designated Case No. 09-01179-TOM7.

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

5. This adversary proceeding constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), (E), (H) and (O).

6. This adversary is brought in accordance with Fed. R. Bankr. P. 7001(1).

7. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## PARTIES

8. Plaintiff James G. Henderson is the duly authorized and acting Trustee of the above bankruptcy estate.

9. Debtor is an individual over the age of nineteen (19) and, upon information and belief, is a resident of the State of Alabama and resides at 1107 Greystone Parc Terrace, Hoover, Alabama 35242.

10. Defendant Mark E. Edwards is the son of the Debtor and an individual over the age of nineteen (19) and, upon information and belief, is a resident of the State of Alabama and resides at 131 Alpine Place, Gadsden, Alabama 35901.

11. Defendant Ann G. Edwards is the wife of the Debtor and an individual over the age of nineteen (19) and, upon information and belief, is a

resident of the State of Alabama and resides at 1107 Greystone Parc Terrace, Hoover, Alabama, 35242.

12. Defendant Graham L. Edwards is the son of the Debtor and an individual over the age of nineteen (19) and, upon information and belief, is a resident of the State of Georgia and resides at 2613 Ridgewood Lane, Albany, Georgia 31707.

13. Defendant A & L, Inc., upon information and belief is a corporation duly organized and existing under the laws of the State of Alabama with its principal place of business located at 130 Inverness Plaza, Birmingham, Alabama 35242-4800.

14. Defendant Coleman Road Properties, L.L.C. is a limited liability company duly organized and existing under the laws of the State of Alabama with its principal place of business located at 1463 Sutton Bridge Road, Rainbow City, Alabama 35906.

15. Defendant Camilla Chevrolet-Buick, Inc. a/k/a Camilla Chevrolet, Inc. is a corporation duly organized and existing under the laws of the State of Georgia with its principal place of business located in, upon information and belief, Albany, Georgia.

16. Defendant Oxford Management, Inc. is a corporation duly organized and existing under the laws of the State of Alabama with its principal place of business located at 1463 Sutton Bridge Road, Rainbow City, Alabama 35906.

17. Defendant Oxford Management Group, L.L.C. is a limited liability company duly organized and existing under the laws of the State of Alabama with its principal place of business located in Birmingham, Alabama.

18. Defendant Thompson Ridge, L.L.C. is a limited liability company duly organized and existing under the laws of the State of Alabama with its principal place of business located at 1463 Sutton Bridge Road, Rainbow City, Alabama 35906.

19. Defendant Southtowne Corporation is a corporation duly organized and existing under the laws of the State of Alabama with its principal place of business located at 1463 Sutton Bridge Road, Rainbow City, Alabama 35906, whose sole owner and shareholder is Edwin L. Edwards.

20. Defendant Southtowne Management Group, L.L.C. is a limited liability company duly organized and existing under the laws of the State of Alabama with its principal place of business located at 1463 Sutton Bridge Road, Rainbow City, Alabama 35906.

21. Defendant Southtowne Mini-Warehouses, L.L.C. is a limited liability company duly organized and existing under the laws of the State of Alabama with

its principal place of business located at 1463 Sutton Bridge Road, Rainbow City, Alabama 35906.

22. Defendant J & E Properties, LLC is a limited liability company duly organized and existing under the laws of the State of Georgia with its principal place of business located at 903 East Oglethorpe Boulevard, Albany, Georgia 31705-2754.

23. Defendant Southtowne Apartments, L.L.C. is a corporation duly organized and existing under the laws of the State of Alabama with its principal place of business located at 1463 Sutton Bridge Road, Rainbow City, Alabama 35906.

24. Defendant ELL10, LLC d/b/a Albany Honda is a limited liability company duly organized and existing under the laws of the State of Georgia with its principal place of business located at 903 East Oglethorpe Boulevard, Albany, Georgia 31705-2754.

25. Defendant Wildhaven Townhomes, L.L.C. is a limited liability company duly organized and existing under the laws of the State of Alabama with its principal place of business located at 1463 Sutton Bridge Road, Rainbow City, Alabama 35906.

26. Defendant Williamsburg Townhomes, L.L.C. is a limited liability company duly organized and existing under the laws of the State of Alabama with

its principal place of business located at 1463 Sutton Bridge Road, Rainbow City, Alabama 35906.

27. Defendant Highway 79, L.L.C. is a limited liability company duly organized and existing under the laws of the State of Alabama with its principal place of business located in Birmingham, Alabama.

28. Defendant Pinson Valley, L.L.C. is a limited liability company duly organized and existing under the laws of the State of Alabama with its principal place of business located in Birmingham, Alabama.

## BACKGROUND

29. On June 8, 2006, the Debtor signed a Personal Financial Statement setting forth a total net worth of Fifty-Two Million One Hundred Sixty Thousand Dollars ($52,160,000.00). (See Personal Financial Statement, Exhibit A, incorporated herein by reference). The Debtor set forth ownership interest in, including, but not limited to, the following Alabama and Georgia entities: A & L, Inc., Coleman Road Properties, L.L.C., Oxford Management, Inc., Oxford Management Group, LLC, Thompson Ridge, L.L.C., Southtowne Corp., Southtowne Management Group, L.L.C., ELL10, LLC and J & E Properties, LLC. The Debtor has since transferred all his ownership and membership interests in the Alabama and Georgia entities to his sons, having received no consideration for the transfers.

30. As more fully set forth in the Exhibit B, incorporated herein by reference, on the August Transfer Date, the Debtor transferred all of his membership and shareholder interest in each of nine (9) Alabama and Georgia entities (the "Transferred Entities") through separate Buy/Sell Agreements (the "Agreements") to his sons, M. Edwards and G. Edwards (the "August Transfers").

31. The Entities transferred to M. Edwards included: A&L, Inc.; Coleman Road Properties, LLC; Southtowne Mini-Warehouses, L.L.C.; Southtowne Management Group, L.L.C.; Oxford Management Corp.; Southtowne Management Corp.; and, Thompson Ridge, LLC (collectively, the "M. Edwards' Entities"). Upon information and belief, (i) the value of the M. Edwards' Entities exceeds $22,000,000; (ii) no business evaluation was conducted to determine the value of the M. Edwards' Entities prior to the August Transfer Date; and, (iii) no consideration was received by the Debtor from M. Edwards for the M. Edwards' Entities either prior, or subsequent to, the August Transfer Date. See Exhibit C, Transcript of Deposition of Debtor at Volume 1, pp. 157-164, incorporated herein by reference; see also Exhibit A.

32. The Entities transferred to G. Edwards included: ELL10, LLC dba Albany Honda and, J&E Properties, LLC (together, the "G. Edwards' Entities"). Upon information and belief, (i) the value of the G. Edwards' Entities exceeds $10,000,000; (ii) no business evaluation was conducted to determine the value of

the G. Edwards' Entities prior to the August Transfer Date; and (iii) no consideration was received by the Debtor from G. Edwards for the G. Edwards' Entities prior, or subsequent to, the August Transfer Date. See Exhibits A and C.

33. As more fully set forth in Exhibit D, incorporated herein by reference, on the January Transfer Date, the Debtor, as managing member of Southtowne Management Group, L.L.C., executed warranty deeds transferring ownership of various real estate interests (the "January Transfers") held by Southtowne Management Group, L.L.C. to three (3) new companies, including Williamsburg Townhomes, L.L.C., Wildhaven Townhomes, L.L.C. and Southtowne Apartments, L.L.C. (the "M. Edwards' Companies"), that were formed by his son, M. Edwards, on the January Transfer Date. Upon information and belief, (i) the value of the various real estate interests transferred exceeds $12,500,000; and, (ii) no consideration was received by the Debtor nor Southtowne Management Group, L.L.C. from M. Edwards or the M. Edwards' Companies prior, or subsequent to, the January Transfer Date for the various real estate interests transferred.

34. M. Edwards and G. Edwards have, upon information and belief, diverted and/or paid monies directly to Ann G. Edwards ("A. Edwards") and/or entities under her control, including, but not limited to, Highway 79 L.L.C. and Pinson Valley, L.L.C. in consideration for the August Transfers. See Exhibit C at Volume 2, p. 11.

**COUNT I**
**<u>FRAUDULENT TRANSFER- 11 U.S.C. § 548(a)(1)(A)</u>**

**(Plaintiff v. M. Edwards and Williamsburg Townhomes, L.L.C., Wildhaven Townhomes, L.L.C. and Southtowne Apartments, L.L.C. – the M. Edward's Companies)**

35. Plaintiff hereby incorporates by reference each and every allegation contained in Paragraphs 1 through 34 of this Complaint as though fully set forth herein.

36. The January Transfers made by the Debtor to or for the benefit of the M. Edwards' Companies within two years prior to the Petition Date were transfers of a interest of the Debtor in property that were made or incurred on or within two (2) years before the Petition Date.

37. The January Transfers were made to or for the benefit of the M. Edwards' Companies.

38. The January Transfers were made by the Debtor with the actual intent to hinder, delay, or defraud an entity to which the Debtor was or became, on or before the date that such transfer was made or such obligation incurred, indebted.

39. The Debtor received no consideration for the January Transfers and the January Transfers were made to the detriment of the actual creditors of the Debtor.

WHEREFORE, Plaintiff demands judgment in its favor and against the Debtor and the M. Edwards' Companies for the value of the January Transfers and

the costs of suit pursuant to 11 U.S.C. § 548(a)(1)(A), and such other relief as this Court deems appropriate.

**COUNT II**
**FRAUDULENT TRANSFER - 11 U.S.C. § 544(b)(1) - RENDERING DEBTOR AND SOUTHTOWNE CORPORATION INSOLVENT IN VIOLATION OF Ala. Code § 8-9A-5**

**(Plaintiff v. All Defendants)**

40. Plaintiff hereby incorporates by reference each and every allegation contained in Paragraphs 1 through 39 of this Complaint as though fully set forth herein.

41. M. Edwards and G. Edwards are the sons of the Debtor.

42. Upon information and belief, the August Transfers made by the Debtor to M. Edwards and G. Edwards effectively made the Debtor insolvent.

43. Upon information and belief, the January Transfers made by the Debtor to M. Edwards and the M. Edwards' Companies effectively made Southtowne Management Group, L.L.C. insolvent.

44. The August Transfers and the January Transfers were made to M. Edwards and G. Edwards, and both of these individuals are defined as insiders to Southtowne Group, L.L.C. and the Debtor by Alabama law. Ala. Code § 8-9A-1(8)(a) and (b).

45. The Transferred Entities, through their directors/members, are necessary parties, as they aided and abetted the fraudulent transfer and concealment of assets available to creditors.

46. The Transferred Entities continue to perpetuate the fraudulent conveyances by other named Defendants.

47. Upon information and belief, the August Transfers by the Debtor rendered him insolvent, or were made while he was insolvent and were made without the Debtor receiving reasonably equivalent value.

48. Upon information and belief, the January Transfers by the Debtor on behalf of Southtowne Management Group, L.L.C. rendered Southtowne Management Group, L.L.C. insolvent, or were made while Southtowne Management Group, L.L.C. was insolvent and were made without the Debtor receiving reasonably equivalent value.

49. By reason of the foregoing, the August Transfers and January Transfers made to M. Edwards, G. Edwards and the M. Edwards' Companies are avoidable as they are fraudulent as to any creditor whose claim arose before the transfer was made if (i) the debtor made the transfer without receiving a reasonably equivalent value in exchange for the transfer and the debtor was insolvent at that time, or (ii) the debtor became insolvent as a result of the transfer, pursuant to

section 8-9A-5 of the Alabama Fraudulent Transfer Act, as codified in the *Code of Alabama*, and made applicable by 11 U.S.C. § 544(b)(1).

WHEREFORE, Plaintiff prays that the court:

A. Declare that the transfer of the membership and shareholder interest under the August Transfers and January Transfers are null and void;

B. Award the Plaintiff the costs of this action;

C. Award any other relief permissible by Alabama and Federal law; and

D. Award such other relief as the Court deems just and proper.

**COUNT III**
**FRAUDULENT TRANSFER- 11 U.S.C. § 544(b)(1) - TRANSFER TO INSIDERS IN VIOLATION OF ALA. CODE §8-9A-4(a) &(b)**

**(Plaintiff v. M. Edwards and G. Edwards)**

50. Plaintiff hereby incorporates by reference each and every allegation contained in Paragraphs 1 through 49 of this Complaint as though fully set forth herein.

51. As set forth above, the transfer of membership units and shares of stock by the Debtor pursuant to the August Transfers and January Transfers were to M. Edwards and G. Edwards, both defined as insiders by Alabama law. Ala. Code § 8-9A-1(8)(a) and (b).

52. Upon information and belief, the Debtor retained constructive control over the entities following the August Transfers and January Transfers.

53. Upon information and belief, the transfer of these membership and shareholder interests pursuant to the August Transfers and January Transfers, including the Southtowne Management Group, L.L.C.'s real estate assets, constituted substantially all of the Debtors' assets.

54. Upon information and belief, the consideration received by the Debtor from M. Edwards and G. Edwards, if any, was not reasonably equivalent to the value of the assets transferred.

55. These August Transfers and January Transfers were made with the actual intent to hinder, defraud, or delay the Debtors' creditors.

56. Under §8-9A-4(a) & (b) of the Alabama Fraudulent Transfer Act as codified in the *Code of Alabama*, the foregoing factors are evidence of actual intent on the part of the Debtor to hinder, delay, or defraud the Debtors' creditors.

57. Upon information and belief, M. Edwards, G. Edwards and A. Edwards had knowledge of the Debtors' debts, and knowledge that the August Transfers and January Transfers consisted of substantially all assets of the Debtor and Southtowne Management Group, L.L.C.

58. The Transferred Entities themselves and/or through their directors/members are necessary parties, as they aided and abetted the fraudulent transfer and concealment of assets.

59. The Transferred Entities continue to perpetuate the fraudulent conveyances by other named Defendants.

60. By reason of the foregoing, the August Transfers and January Transfers are avoidable as they are fraudulent as to any creditor whose claim arose before the transfer was made if (i) the transfer was made to an insider for an antecedent debt and the debtor was insolvent at that time, and (ii) the insider had reasonable cause to believe that the debtor was insolvent pursuant to Section 8-9A-4(a) and (b) of the Alabama Fraudulent Transfer Act, as codified in the *Code of Alabama,* and made applicable by 11 U.S.C. § 544(b)(1).

WHEREFORE, Plaintiff prays that the court:

A. Declare that the transfer of the membership and shareholder interest under the August Transfers and January Transfers are null and void;

B. Award the Plaintiff the costs of this action;

C. Award any other relief permissible by Alabama and Federal law; and

D. Award such other relief as the Court deems just and proper.

## COUNT IV

## FRAUDULENT TRANSFER - 11 U.S.C. § 544(b)(1) - MADE FOR NO REASONABLY EQUIVALENT VALUE IN VIOLATION OF ALA. CODE §8-9A-4(c)

**(Plaintiff v. All Defendants)**

61. Plaintiff hereby incorporates by reference each and every allegation contained in Paragraphs 1 through 60 of this Complaint as though fully set forth herein.

62. M. Edwards and G. Edwards are the sons of the Debtor.

63. At all times relevant to this matter, the Debtor is/was the managing member of Southtowne Management Group, L.L.C.

64. Upon information and belief, the Debtor, pursuant to the August Transfers and January Transfers, and in an effort to hinder, delay or defraud creditors, transferred his interests to M. Edwards, G. Edwards and the M. Edwards' Companies.

65. Upon information and belief, the August Transfers and January Transfers by the Debtor were made without him receiving reasonably equivalent value.

66. Upon information and belief, the Debtor reasonably should have believed that he would incur debts beyond his ability to pay as they became due, based upon the transfer of substantially all of his assets pursuant to the August Transfers and January Transfers.

67. Upon information and belief, M. Edwards and G. Edwards knew or should have known that said transfers made the Debtor and Southtowne Management Group, L.L.C. insolvent.

68. The Transferred Entities, through their directors/members are necessary parties, as they aided and abetted the fraudulent transfer and concealment of assets.

69. The Transferred Entities continue to perpetuate the fraudulent conveyances by other named Defendants.

70. By reason of the foregoing, said transfers are avoidable as they are fraudulent as to any creditor, whether the creditor's claim arose before or after the transfer was made, if the debtor made the transfer without receiving a reasonably equivalent value in exchange for the transfer and the debtor (i) was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction, or (ii) intended to incur, or believed or reasonably should have believed that he or she would incur, debts beyond his or her ability to pay as they became due pursuant to Section 8-9A-4(c) of the Alabama Fraudulent Transfer Act, as codified in the *Code of Alabama*, and made applicable by 11 U.S.C. § 544(b)(1).

WHEREFORE, Plaintiff prays that the court:

A. Declare that the transfer of the membership and shareholder interest under the August Transfers and January Transfers are null and void;

B. Award the Plaintiff the costs of this action;

C. Award any other relief permissible by Alabama and Federal law; and

D. Award such other relief as the Court deems just and proper.

## COUNT V
## RECOVERY OF AVOIDED TRANSFERS – 11 U.S.C. § 550

**(Plaintiff v. All Defendants)**

71. Plaintiff hereby incorporates by reference each and every allegation contained in Paragraphs 1 through 70 of this Complaint as though fully set forth herein.

72. To the extent that the August Transfers and the January Transfers are avoided under 11 U.S.C. §§ 544 or 548, the Plaintiff is entitled to recover the transferred property or the value thereof from all named Defendants, or from the entity for whose benefit the August Transfers and January Transfers were made under 11 U.S.C. § 550(a)(1).

WHEREFORE, Plaintiff demands judgment in its favor and against the Defendants in the amount of the August Transfers and January Transfers, plus interest accruing from the date of the August Transfers and January Transfers and

the costs of suit pursuant to 11 U.S.C. §§ 544, 548 and 550 and Ala. Code § 8-9A-4 and 5.

**COUNT VI**
**11 U.S.C. § 544 - IN THE ALTERNATIVE, PLAINTIFF SEEKS DECLARATORY JUDGMENT THAT NO TRANSFERS ACTUALLY OCCURRED AND, THUS, THE ASSETS ARE STILL HELD BY THE DEBTOR AND SOUTHTOWNE MANAGEMENT GROUP, L.L.C.**

**(Plaintiff v. All Defendants)**

73. Plaintiff hereby incorporates by reference each and every allegation contained in Paragraphs 1 through 72 of this Complaint as though fully set forth herein.

74. With the exception of the January Transfers of assets held by Southtowne Management Group, Ltd., no amended operating agreements were filed with the State of Alabama.

75. Upon information and belief, no unit membership agreements were filed with the State of Alabama.

76. Upon information and belief, no filed ownership changes in the State of Alabama or State of Georgia showing a transfer or change in ownership of any of the Transferred Entities, even though all entities are still registered as active.

WHEREFORE, Plaintiff prays that the court:

A. Determine that the August Transfers and January Transfers never actually occurred;

B. Order an accounting of the monies received by the Transferred Entities since August 15, 2006;

C. Award the Plaintiff the costs of this action;

D. Award any other relief permissible by Alabama and Federal law; and

E. Award such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ Ashley E. Swink
One of the Attorneys for the Trustee, pending application

ASHLEY E. SWINK
(ASB-6234-S82S)
Richardson Callahan & Frederick, LLP
4205 Balmoral Drive, Suite 101
Huntsville, Alabama
(256) 533-2440 Telephone
(256) 533-2441 Email
aes@rcfllp.com

LAWRENCE V. STAWIARSKI
(P54831)
McDonald Hopkins PLC
39533 Woodward Avenue, Suite 318
Bloomfield Hills, Michigan 48304
(248) 646-5070 phone
(248) 646-5075 fax
lstawiarski@mcdonaldhopkins.com